Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DOMINIQUE MURRAY,

    Plaintiff,

    v.

LOUIS DEJOY *et al.*,

    Defendants.

Civil Action No.: 23-0423 (ES) (MAH)

OPINION

SALAS, DISTRICT JUDGE

Plaintiff Dominique Murray, a former employee at the United States Postal Service ("USPS"), brings this employment retaliation lawsuit against Louis DeJoy, the USPS Postmaster General; and Yolanda Gross, Tony Khairah, and Brandy Chisolm, three individual USPS employees (altogether, "Defendants"), pursuant to (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* and (ii) 42 U.S.C. § 1983.  (D.E. No. 1 ("Complaint" or "Compl.") at 2–4).  Before the Court is Defendants' motion to dismiss the Complaint.  (D.E. No. 20 ("Motion")).  Having considered the parties' submissions, the Court decides this matter without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the following reasons, Defendants' Motion is **GRANTED**.

## I.   BACKGROUND

### A.   Factual Allegations

According to the Complaint, Plaintiff commenced her employment with USPS in or about 2009 and worked as a clerk at the USPS Kearny, New Jersey facility.  (Compl. at 2).  Plaintiff

alleges that "on or about January 24, 2022, Plaintiff had an investigative interview . . . based on Plaintiff's complaint/report to the postal inspector that employees [were] stealing time with her supervisor's knowledge." (*Id.* at 3). Subsequently, "[on] January 26, 2022[,] Yolanda Gross[,] who was Plaintiff's supervisor, sent Plaintiff to do overtime . . . in the work area where the employees who Plaintiff reported [] were stealing time were located[,]" which resulted in an altercation. (*Id.*). Specifically, Plaintiff alleges that another USPS employee, Brandy Chisolm, began yelling at Plaintiff, threatening to slap her, and yelled "I am going to f**k you up!" to the Plaintiff." (*Id.*). Plaintiff claims Supervisor Yolanda Gross and another USPS employee, Tony Khairah, "approached the area and did not curb the situation and both were reluctant to radio the postal police for assistance." (*Id.*). Plaintiff alleges that "Supervisor Yolanda Gross set [Plaintiff] up to be confronted and threatened by [Gross's friend] Brandy Chisolm." (*Id.*). Thereafter, Plaintiff alleges that on or about February 22, 2022, Plaintiff was informed "that she was being removed from USPS effective March 20, 2022 for said January 26, 2022 altercation." (*Id.*). Plaintiff claims that her Supervisor Yolanda Gross placed Plaintiff in the work area that contained the employees that Plaintiff reported were stealing time in retaliation for Plaintiff's complaint about those employees, including Brandy Chisolm. (*Id.*). Likewise, Plaintiff claims that she was terminated in retaliation for reporting that employees at USPS were stealing time. (*Id.*).

    **B.    Procedural History**

    Plaintiff initiated this action on January 25, 2023 alleging two causes of action against Defendants pursuant to (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* (Count I) and (ii) 42 U.S.C. § 1983 (Count II). (D.E. No. 1 ("Complaint" or "Compl.") at 2–4). On January 22, 2024, Defendants filed a motion to dismiss Plaintiff's Complaint. (*See* Motion;

*see also* D.E. No. 20-1 ("Mov. Br.")).  The Motion is fully briefed.  (D.E. No. 22 ("Opp. Br.");
D.E. No. 28 ("Reply")).

## II.    LEGAL STANDARD

In assessing whether a complaint states a cause of action sufficient to survive dismissal
under Rule 12(b)(6), the Court accepts "all well-pleaded allegations as true and draw[s] all
reasonable inferences in favor of the plaintiff." *City of Cambridge Ret. Sys. v. Altisource Asset
Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018).  "[T]hreadbare recitals of the elements of a cause
of action, legal conclusions, and conclusory statements" are all disregarded. *Id.* at 878–79 (quoting
*James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).  The complaint must "contain
sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"
and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v.
Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d
121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

While the Court generally "may not consider matters extraneous to the pleadings" when
deciding a Rule 12(b)(6) motion, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426
(3d Cir. 1997), an exception to this general rule provides that the Court may also consider "exhibits
attached to the complaint, matters of public record, as well as undisputedly authentic documents
if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223,
230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)
(noting that pursuant to Rule 12(b)(6) the Court "may consider documents that are attached to or
submitted with the complaint, and any 'matters incorporated by reference or integral to the claim,
items subject to judicial notice, matters of public record, orders, [and] items appearing in the record

3

of the case'") (first citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 559 (3d Cir. 2002); and then quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004)).  Thus, a court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *Fuller v. Rozlin Fin. Grp., Inc.*, No. 19-20608, 2020 WL 5036215, at *2 (D.N.J. Aug. 26, 2020) (quoting *Clemons v. Midland Credit Mgmt., Inc.*, No. 18-16883, 2019 WL 3336421, at *2 (D.N.J. July 25, 2019)).

## III.    DISCUSSION

### A.    Title VII Claim (Count I)

#### i.    Title VII Liability Against Individual Employees Yolanda Gross, Tony Khairah, and Brandy Chisolm

In Count I, Plaintiff alleges that she was the victim of unlawful workplace retaliation under Title VII.  (Compl. at 2–3).  Specifically, Plaintiff claims that Defendants retaliated against her, including by terminating her, after she complained that certain employees at USPS were stealing time, and contends that such treatment amounted to a violation of Title VII.  (*Id.*).  Defendants move to dismiss Plaintiff's Title VII claim as asserted against individual USPS employees Yolanda Gross, Tony Khairah, and Brandy Chisolm.  (Mov. Br. at 17–18).  Though Defendants acknowledge that Title VII permits an employee, after exhausting administrative remedies, to sue an executive agency by naming the head of the agency as a defendant, they contend that Title VII prohibits individual capacity and official capacity suits against individual supervisors or employees.  (*Id.*).  As such, Defendants maintain that Plaintiff can only assert her Title VII claim against the Postmaster General as the head of USPS and contend that the Court should dismiss any Title VII claim asserted against individual USPS employees Defendants Yolanda Gross, Tony Khairah, and Brandy Chisolm.  (*Id.* at 18).  Plaintiff does not provide any response to this

argument.  (*See generally* Opp. Br.).  For the reasons set forth below, the Court agrees with Defendants and finds that Plaintiff's Title VII claim as asserted against Defendants Yolanda Gross, Tony Khairah, and Brandy Chisolm must be dismissed from this case *with prejudice*.

42 U.S.C. § 2000e–16(c) provides that the only proper defendant in a Title VII claim filed by a federal employee is "the head of the department, agency, or unit, as appropriate," in which the alleged discrimination occurred.  42 U.S.C. § 2000e–16(c).  Third Circuit jurisprudence is clear that individual employees, including supervisors, are not subject to liability under Title VII.  *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir.1996) ("Congress did not intend to hold individual employees liable under Title VII."); *see also Tai Van Le v. Univ. of Pa.*, 321 F.3d 403, 408 n.3 (3d Cir. 2003) (noting that, where the defendant was the plaintiff's supervisor and not his employer, "liability cannot exist pursuant to Title VII"); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) ("[I]ndividual employees are not liable under Title VII.").  Further, courts in the Third Circuit—and particularly in this District—have consistently held that it is redundant to name a supervisor as a defendant in his official capacity when the employer is also named as a defendant, stressing that "Title VII provides for liability against employers, not supervisors."  *Stallone v. Camden County Tech. Schs. Bd. of Educ.,* No. 12–7356, 2013 WL 5178728, at *7 (D.N.J. Sept. 13, 2013); *see also Gretzula v. Camden County Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478, 486 (D.N.J. 2013) (dismissing claims against individual defendants in their official capacity who are not employers, in part because "[n]aming a supervisor as a defendant in his official capacity is redundant"); *Watson v. Dep't of Servs. for Children*, 932 F. Supp. 2d 615, 621 (D. Del. 2013) (dismissing Title VII claims against DSCYF employees in their official capacities because such claims "are actually claims against the DSCYF").  As such, courts in this District have consistently found official capacity suits against individual supervisory

employees to also be barred under Title VII. *Simon v. Shore Cab, LLC*, No. 13-6290, 2014 WL 2777103, at *5 (D.N.J. June 19, 2014) (granting Rule 12(b)(6) motion to dismiss official capacity discrimination/retaliation claim against federal employee); *see also Rich v. New Jersey*, No. 14-2075, 2015 WL 2226029, at *10-11 (D.N.J. May 12, 2015) ("Courts in the Third Circuit—and particularly in this District—have consistently held that it is redundant to name a supervisor as a defendant in his official capacity when the employer is also named a defendant").

Accordingly, since the only proper defendant in a Title VII action is the head of the agency in which the allegedly discriminatory acts occurred *see* 42 U.S.C. § 2000e–16(c), Plaintiff can only assert her Title VII claim against the Postmaster General, Louis DeJoy.  And because Third Circuit jurisprudence is clear that individual employees, including supervisors, are not subject to liability under Title VII and because courts in this Circuit have consistently found official capacity suits against individual supervisory employees to be barred under Title VII, the Court finds that Plaintiff's Title VII claim as asserted against individual USPS employees Yolanda Gross, Tony Khairah, and Brandy Chisolm must be dismissed *with prejudice*.  *See Wilson v. Potter*, 159 F. Appx. 415, 417 (3d Cir. 2005) (affirming the district court's dismissal of the Postal Service and its employees—other than the Postmaster General—when a former employee alleged that the Postal Service, its officials, and others had violated Title VII); *Scipio v. Vitec Videocom*, No. 15-7776, 2017 WL 2901331, at *5 (D.N.J. July 6, 2017) (dismissing Title VII claim against individual employees with prejudice); *Sheridan*, 100 F.3d at 1078; *Stallone*, 2013 WL 5178728, at *7.

### ii.       Title VII Liability Against Louis DeJoy, the USPS Postmaster General

Defendants next contend that the Court should dismiss Plaintiff's Title VII claim asserted against Louis DeJoy, the USPS Postmaster General because (i) Plaintiff has failed to state a Title VII retaliation claim; and (iii) Plaintiff has failed to exhaust administrative remedies, as required

to initiate a Title VII action.  (Mov. Br. at 11–14 & 18–23).  In opposition, Plaintiff contends that she has adequately pled a prima facie claim of retaliation against Louis DeJoy in violation of Title VII.  (Opp. Br. at 4–7).  Further, she claims that she should be excused from exhausting her administrative remedies.  (*Id.* at 7–9).  For the reasons set forth below, the Court finds that Plaintiff's Title VII claim asserted against Louis DeJoy, the USPS Postmaster General, must be dismissed *without prejudice*.

Title VII provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e–3(a).  To withstand a motion to dismiss a retaliation claim under Title VII, a plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citation omitted).

Most critical to this case is the first element.  As relevant here, Title VII protects "those who oppose discrimination made unlawful by Title VII."  *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006).  Not every complaint or report entitles its author to protection from retaliation under Title VII.  *See Burlington N. & Santa Fe Ry.*, 548 U.S. 53, 68 (2006) (noting that Title VII does not "set forth a general civility code for the American workplace" (internal quotation marks omitted)).  Rather, only complaints about discrimination prohibited by Title VII—that is, discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e–2—

constitute "protected activity." *Davis v. City of Newark*, 417 F. App'x 201, 202–03 (3d Cir. 2011) (citing *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701–02 (3d Cir. 1995)). "Thus, for a complaint to amount to 'protected activity,' it must implicate an employment practice made illegal by Title VII." *Id.* at 203 (citing *Curay–Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 135 (3d Cir. 2006). "General complaints of unfair treatment will not suffice." *Id.* (citing *Barber*, 68 F.3d at 702).

Here, even accepting as true Plaintiff's allegations, Plaintiff has failed to claim that she was retaliated against due to her complaints *about conduct prohibited by Title VII*. As described above, the basis for Plaintiff's cause of action under Title VII is the complaints she registered with her superiors about the fact that employees at USPS were stealing time with her supervisor's knowledge. (Compl. at 3).[1] Yet, Plaintiff has nowhere alleged that that those complaints alleged the existence of unlawful discrimination regarding race, color, religion, sex, national origin or any other conduct prohibited by Title VII. As such, because Plaintiff's complaints to her superiors fail to identify any conduct proscribed by Title VII, they do not amount to "protected activity," and, therefore, cannot form the basis of a Title VII retaliation claim.[2] *See Davis*, 417 F. App'x at 203

---

[1]   The Court notes that in the Complaint, Plaintiff alleges that she previously filed a complaint with the Postal Service Equal Employment Opportunity ("EEO") office. (Compl. at 1). Plaintiff later submitted a copy of her EEO complaint and the dismissal of her EEO complaint. (D.E. No. 12). These documents provide that the basis for Plaintiff's EEO complaint was that Plaintiff alleged she was subject to discriminatory harassment based on race (black), sex (female) and national origin (not specified) when she was ousted from the front lobby by a supervisor who was shouting unspecified obscenities at her. (*Id.* at 26, 29 & 32 (ECF pagination)). Here, however, Plaintiff has raised a claim for *retaliatory* harassment, under 42 U.S.C. § 2000e-3(a), and not for *discriminatory* harassment under § 2000e-2(a). (Compl. at 2). And the allegations that appear in the EEO complaint do not appear in the Complaint filed in the instant matter. And Plaintiff at no point requests that the Court consider the allegations from the EEO complaint in evaluating the instant motion. As such, the Court does not consider these allegations in evaluating Plaintiff's Title VII claim for retaliatory harassment.

[2]   In opposition, Plaintiff contends that the act of reporting an employee stealing time is a protected activity. (Opp. Br. at 5–6). However, to support this assertion, Plaintiff cites to the court's decision in *Montgomery v. Atl. City Elec. Co.*, No. A-0519-22, 2023 WL 2439267, at *5 (N.J. Super. Ct. App. Div. Mar. 10, 2023), which found that the act of reporting an employee stealing time could support a cause of action under the New Jersey Conscientious Employee Protection Act ("CEPA"), *not* Title VII. Plaintiff provides no authority to support her assertion that the act of reporting an employee stealing time is a protected activity under Title VII in the absence of other allegations that

("We agree with the District Court that, even accepting Davis's allegations, she has failed to claim that she was retaliated against due to her complaints *about conduct prohibited by Title VII.*  For instance, she purportedly complained about certain violations of departmental regulations—such as Officer Colon's transfer, officers' smoking on site, and the practice of sending one-officer units to two-officer areas—but she does not claim that those complaints alleged the existence of unlawful discrimination . . . . Because Davis's sundry complaints to her superiors failed to identify any conduct proscribed by Title VII, they do not amount to 'protected activity,' and thus cannot form the basis for a retaliation claim."); *Dalton v. New Jersey*, No. 17-4094, 2018 WL 305326, at *11 (D.N.J. Jan. 5, 2018) ("[W]hile Plaintiff alleges that Lieutenant Andrinopoulos disliked Trooper Kearns, and manipulated documents in order to falsely portray Kearns as failing to carry out his job responsibilities, Plaintiff does not claim that Lieutenant Andrinopoulos' conduct against Trooper Kearns was the result of unlawful discrimination.   Accordingly, because Plaintiff's submissions to Captain SanMartino 'failed to identify any conduct proscribed by Title VII [or the NJLAD], they do not amount to protected activity, and thus cannot form the basis for a retaliation claim.'").  As such, Plaintiff's Title VII claim asserted against Louis DeJoy, the USPS Postmaster General, must be dismissed *without prejudice*.[3]  *See Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*, 14 F. Supp. 3d 591, 596 (D.N.J. 2014) (Dismissal of a complaint with prejudice is a "'harsh remedy'" that "is [only] appropriate if amendment would be inequitable or futile.").

---

indicate that the complaints related to conduct prohibited by Title VII.  As such, the Court finds Plaintiff's argument unavailing.

[3]     Because the Court finds that Plaintiff has failed to allege a prima facie case of retaliation under Title VII, it need not reach Defendants' argument that Plaintiff's Title VII claim should be dismissed because she has failed to exhaust administrative remedies.  (Mov. Br. at 18–23); *see Prosper v. Gov't of Virgin Islands*, No. 21-3060, 2023 WL 2674861, at *1 n.1 (3d Cir. Mar. 29, 2023) (stating that because Title VII's exhaustion requirement does not pose a jurisdictional question "'this [c]ourt need not determine whether Appellant satisfied the administrative exhaustion requirement for her Title VII claims[,]' as this matter can be decided on other grounds."); *A.S. v. Ocean Cnty. Fire Acad.*, No. 19-11306, 2024 WL 184564, at *5 (D.N.J. Jan. 17, 2024).

**B.      Section 1983 Claim (Count II)**

In Count II, Plaintiff brings a claim against Defendants under 42 U.S.C. § 1983, alleging that Defendants' retaliatory acts violated Plaintiff's federal constitutional rights, including (i) "her right to free speech and to petition the government for redress of grievances under the First Amendment to the Constitution of the United States" and (ii) "her right to substantive due process and to petition the government for redress of grievances under the Fourteenth Amendment to the Constitution of the United States." (Compl. at 4). Defendants contend that to the extent Plaintiff asserts claims against them under 42 U.S.C. § 1983, those claims should be dismissed because they are federal employees acting under federal law and Section 1983 only applies to officials acting under "color of state law." (Mov. Br. at 14–15).[4] In opposition, Plaintiff does not respond to Defendants' argument and merely states that she "will defer to the Court regarding her [Section] 1983 claim." (Opp. Br. at 9). For the reasons set forth below, the Court finds that Plaintiff's claim under 42 U.S.C. § 1983 must be dismissed *without prejudice*.

42 U.S.C. § 1983 provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected" any person to the deprivation of any right protected by federal law or the United States Constitution. 42 U.S.C. § 1983. To state a claim for relief

---

[4]      In their moving brief, Defendants contend that Plaintiff's claim under 42 U.S.C. § 1983 should be dismissed for lack of *subject matter jurisdiction* because Plaintiff has failed to allege that any of the Defendants took any action under color of state law. (Mov. Br. at 14–15). However, the Third Circuit has stated that "the requirement in section 1983 of state action is not a question of jurisdiction, but rather is integral to the determination of the merits of the claim." *Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74 (3d Cir. 1991). Accordingly, where a motion to dismiss is based on the lack of state action, as it is here, dismissal is proper only pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and not under Rule 12(b)(1) for lack of jurisdiction. *Id.*; *see also Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 898–99 (3d Cir. 1987) (holding that the issue of whether state action existed to support a civil rights claim under 42 U.S.C. § 1983 was a matter to be resolved on the merits rather than as a matter of subject matter jurisdiction to be resolved under Federal Rule of Civil Procedure 12(b)(1)). As such, the Court will treat Defendants' challenge to Plaintiff's Section 1983 claim under Federal Rule of Civil Procedure 12(b)(6), rather than Rule 12(b)(1).

under Section 1983, a plaintiff must allege, (i) the violation of a right secured by the Constitution or laws of the United States and, (ii) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Thus, it is essential to any civil rights claim brought under [Section] 1983 that the plaintiff allege and prove that the defendant was acting under *color of state law* when that defendant allegedly violated the [p]laintiff's rights." *Evans v. Potter*, No. 10-2557, 2011 WL 3320819, at *4 (M.D. Pa. July 15, 2011), *report and recommendation adopted*, No. 10-2557, 2011 WL 3299806 (M.D. Pa. Aug. 2, 2011) (emphasis added). It is well-settled that Section 1983's state action requirement "does not extend the ambit of th[e] statute to the actions of federal officers or agencies." *Id.* Quite the contrary, it is generally recognized that the phrase "under of color of state law" as used in civil rights statutes, including 42 U.S.C. § 1983, applies only to state actors not federal officials. *Gomez v. Feissner*, No. 08-619, 2010 WL 5463245, at *6 (M. D. Pa. Dec. 29, 2010) (citing *Quiles v. United States Dep't of Def.*, No. 09-0580, 2009 WL 4810188, at *5 (M. D. Pa. Dec.10, 2009). Thus, the Third Circuit has repeatedly held that Section 1983 provides no remedy with respect to actions by federal actors. *See Hindes v. FDIC*, 137 F.3d 148, 158 (3d Cir. 1998) ("Because section 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from section 1983 liability inasmuch as in the normal course of events they act pursuant to federal law."); *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("It is well established that liability under § 1983 will not attach for actions taken under color of federal law."); *Dubois v. Abode*, 142 F. App'x 62, 63 (3d Cir. 2005) ("Because the [U.S. Postal Service] is a federal agency, [a plaintiff] cannot maintain an action against it [under § 1983] for an alleged violation of his constitutional rights."). To be sure, a plaintiff may assert a claim under Section 1983 against a federal official if the official was conspiring with state officials

acting under color of state law.  *See Melo v. Hafer*, 912 F.2d 628, 638 (3d Cir. 1990).  However, to state a claim against a federal official based on a conspiracy, the plaintiff must specifically plead facts sufficient to establish that the federal official conspired to violate the plaintiff's rights under color of state law.  *See Jean–Louis v. Clifford*, No. 06–3972, 2008 WL 3479806, at *4 (D.N.J. Aug. 11, 2008) (dismissing conspiracy claim under § 1983 against federal official because plaintiff pled only in conclusory terms that defendant conspired to violate plaintiff's rights).

In this case, Plaintiff makes no allegations that any of the Defendants were acting under the color of *state* law when they allegedly violated Plaintiff's federal constitutional rights.  Rather, Plaintiff alleges that she was deprived of her constitutionally protected rights by (i) Louis DeJoy, Postmaster of the USPS (a federal agency), in his official capacity; and (ii) Yolanda Gross, Tony Khairah, and Brandy Chisolm, employees of USPS (a federal agency) all of whom were acting within the scope of their positions as officials of the USPS.  (*See generally* Compl.).  In other words, Plaintiff's Section 1983 claims are alleged against *federal* employees acting under the color of *federal* law, not state law.  Moreover, Plaintiff does not allege any facts establishing that any of the Defendants were party to a conspiracy with state officials.  Accordingly, because Plaintiff has failed to allege that Defendants were acting under *color of state law* when they allegedly violated the Plaintiff's constitutional rights, Plaintiff's claim under Section 1983 must be dismissed.  *See Brown*, 250 F.3d at 800 ("It is well established that liability under § 1983 will not attach for actions taken under color of federal law."); *Riley v. Potter*, No. 08-5167, 2010 WL 125841, at *5 (D.N.J. Jan. 7, 2010) ("In this case, [p]laintiffs make no allegations that [d]efendants were acting under the color of state law.  To the contrary, [p]laintiffs argue that [d]efendants acted within the scope of their positions as officials of the USPS (a federal agency) pursuant to the National Reassessment Process (a federally mandated USPS initiative).  Consequently[,] [d]efendants' section 1981 and

1983 claims are dismissed."); *O'Neill v. Potter*, No. 07-5045, 2009 WL 2168712, at *9 (D.N.J. July 17, 2009) (dismissing Section 1983 claim against postmaster of USPS because "[a] claim against the Postmaster of the USPS in his official capacity is a claim against a federal employee acting under the color of federal law, not state law.").[5]  Nevertheless, it is dismissed *without prejudice*.  *See Prudential Ins. Co. of Am.*, 14 F. Supp. 3d at 596.

## IV.    CONCLUSION

Based on the foregoing, Defendants' motion (D.E. No. 20) is **GRANTED**.  Plaintiff's Title VII claim as asserted against Defendants Yolanda Gross, Tony Khairah, and Brandy Chisolm must be dismissed from this case *with prejudice*.  Plaintiff's Complaint is otherwise dismissed *without prejudice*.  An appropriate Order follows.

**Dated:** September 3, 2024                                     *s/ Esther Salas*
                                                                **Esther Salas, U.S.D.J.**

---

[5]      In their moving brief, Defendants contend that even if this Court liberally construed Plaintiff's section 1983 claim as brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which governs civil rights claims against federal defendants, any such claim would fail.  (Mov. Br. at 15–17).  The Court declines to construe Plaintiff's section 1983 claim as brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) where no such allegations appear in Plaintiff's Complaint and where there has been no request by Plaintiff to treat her claim in this manner.